UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRUCE WEST, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-126 |
| | § | |
| OIL STATES INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER ON MOTION TO TRANSFER VENUE**

This case is brought as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Before the Court is Defendant's Motion to Transfer Venue (D.E. 11), seeking transfer to the Middle District of Pennsylvania, where the Plaintiffs are or were employed. For the reasons set out below, the motion is GRANTED.

**STANDARD OF REVIEW**

A district court may transfer any civil action for the convenience of parties and witnesses, in the interest of justice, to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). The goal of this provision is to "prevent the waste of time, energy[,] and money and to protect litigants and witnesses, and the public against unnecessary inconvenience and expense." *Shoemaker v. Union Pacific R. R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the

exercise of this privilege." *In re Volkswagon of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008).

The threshold determination under § 1404(a) is whether the action originally might have been brought in the proposed destination venue. *In re Volkswagon AG*, 371 F.3d 201, 203 (5th Cir. 2004). If the Court determines that the action could have originally been brought in the proposed destination venue, then it must consider certain private and public interest factors to determine whether a motion to transfer venue should be granted. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

## DISCUSSION

### A. Venue is proper in the Middle District of Pennsylvania, Williamsport Division.

It is undisputed that Plaintiffs' claims could have originally been filed in the Williamsport Division of the Middle District of Pennsylvania. 28 U.S.C. § 1391(b). That is where Plaintiffs performed the labor for which they allege they were not properly

paid. It is thus "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." § 1391(b)(2).

**B. Private Interest Factors**

*1. Relative ease of access to sources of proof*

The relevant documents in this case are located at the Oil States Energy Services, LLC (OSES) facility in Watsontown, Pennsylvania, not in Corpus Christi. It can be argued that "unless the documents are so voluminous that their transport is a major undertaking, the locations of books and records is given little weight." *Sarmiento v. Producer's Gin of Waterproof, Inc.*, 439 F.Supp.2d 725, 732 (S.D. Tex. 2006). Assuming without deciding that the location of Defendant's books and records should be given little weight because it has not established that the documents are voluminous, Plaintiffs have still failed to identify *any* documents available in Corpus Christi that would undercut even the little weight in favor of transfer that Defendant would be entitled to on this factor.

Plaintiffs suggest that there may be other sources of proof available in the Corpus Christi Division of the Southern District of Texas in the event the Court certifies a collective action that is nationwide or otherwise encompasses workers in this District and Division and local employees or former employees opt in to the class. At this point, those arguments are speculative and Plaintiffs have offered no evidence with which to evaluate the relative ease of access to any particular evidence or its location. Accordingly, this factor weighs in favor of transfer.

*2. The availability of compulsory process to secure the attendance of witnesses*

Defendant has identified only one potential witness who is not controlled as an employee or officer for Defendant: Chadrick Leopaul. This Court's subpoena power does not extend to Mr. Leopaul, whose last known address is in Williamsport, Pennsylvania. D.E. 11, p. 12; Fed. R. Civ. P. 45(c). Plaintiffs have not identified any witnesses within the 100-mile range of this Court's subpoena power. Therefore, this factor weighs in favor of transfer.

*3. The cost of attendance for willing witnesses*

In support of its argument that this factor weighs strongly in favor of transfer, Defendant notes that the corporate employees who have knowledge of relevant information concerning this lawsuit work and reside in Pennsylvania. Specifically, Defendant lists witnesses with knowledge of Plaintiffs' employment, pay practices, hiring and training practices, employee schedules, and job duties.

Plaintiffs do not address the inevitable costs that would be visited upon Defendant's Pennsylvania employees if they were required to travel to Corpus Christi and incur the attendant costs of travel, meals, lodging, and other incidental expenses. Plaintiffs, instead, argue that these facts did not prohibit Defendant from litigating other cases in this District, one of which was filed in this Division: *Hall v. Oil States International, Inc.*, No. 2:13-cv-00318 (S.D. Tex. 2013). The Court evaluates venue individually for each case and notes that, in the *Hall* case, the plaintiff was a resident of Corpus Christi, Texas, and no motion to transfer venue was filed. *Id.* The pleadings in

*Hall* do not reveal that the work made the basis of the action was performed a significant distance from this Court's geographic location.

The expense that would have to be incurred by Defendant's Pennsylvania employees in travelling to Corpus Christi for trial favors transfer. Defendant has provided evidence of flight schedules and pricing as well as the total driving distance, showing significant time and expense to travel to Corpus Christi. Even Plaintiffs would have to travel a significant distance to Corpus Christi as they do not reside in this Division. Plaintiffs have not identified a single witness for whom Corpus Christi would be a convenient venue for litigating this matter. This factor supports transfer.

*4. All other practical problems that make trial of a case easy, expeditious, and inexpensive*

This case is still in the earliest stages and transfer at this time does not present a significant loss of effort litigating here. Further, as currently postured, Corpus Christi lacks any significant connection to the underlying dispute. However, a case should not be transferred simply to shift the burden of inconvenience from the Defendant to the Plaintiff. *Salinas v. O'Reilly Automotive*, 358 F.Supp.2d 569, 571-72 (N.D. Tex. 2005). Yet Plaintiffs have not offered evidence of any particular burden they would suffer.

This case has a strong connection to Pennsylvania because the Defendant has facilities there, the Plaintiffs worked there and paid taxes there, and a great bulk of the sources of documentary and testimonial evidence are located there. This case has a weak connection to Corpus Christi because, aside from an unknown percentage of putative

class members who may have their permanent addresses in the Division, no events or evidence relevant to this case have been demonstrated to have a Corpus Christi nexus.

Accordingly, this factor weighs in favor of transfer.

**B. Public Interest Factors**

*1. The administrative difficulties flowing from court congestion*

This Court is responsible for almost all of the civil cases filed in the Corpus Christi Division due to a judicial vacancy which has remained open for many years. In contrast, the Middle District of Pennsylvania has a full complement of judges. http://judicialnominations.org/judicial-vacancies. As Defendant has shown from the Federal Judicial Center statistics (D.E. 11-7), the Middle District of Pennsylvania has a general workload slightly lighter than that of the Southern District of Texas even without taking the judicial vacancy into consideration. This factor weighs in favor of transfer.

*2. The local interest in having localized interests decided at home*

The Corpus Christi Division has no meaningful relationship to this case that can be ascertained in its current posture because (1) the Plaintiffs do not reside within the geographical boundaries of the Corpus Christi Division and there is no evidence from which the Court may conclude that putative class members reside within this Division; (2) none of the known pay practices at issue emanated from this Division; and (3) little or none of the work that was performed by Plaintiffs was performed in this Division. Accordingly, this factor weighs in favor of transfer.

*3. The familiarity of the forum with the law that will govern the case*

A court in the Middle District of Pennsylvania would be just as competent to hear this type of FLSA claim as a court in the Corpus Christi Division. This factor is neutral.

*4. The avoidance of unnecessary problems of conflict of laws or in the application of foreign law*

There is no evidence that this case presents any conflicts of laws or foreign law issues. Thus this factor is neutral.

**CONCLUSION**

As a whole, the factors to be considered in determining whether a transfer of venue is proper either weigh in favor of transfer or are neutral. For the reasons set out above, Defendant's Motion to Transfer Venue is GRANTED. The Court ORDERS this case transferred to the Middle District of Pennsylvania, Williamsport Division.

ORDERED this 23rd day of July, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE